IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Ray Smith, | ) | C/A No.: 1:14-3441-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Southern Health Partners, Nurse Sonya Hackett, and Nurse Jennifer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Billy Ray Smith, proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at Anderson County Detention Center ("ACDC"). He filed his complaint, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging that ACDC medical providers Southern Health Partners, Nurse Sonya Hackett, and Nurse Jennifer ("Defendants") have been deliberately indifferent to his serious medical needs. [ECF No. 1]

This matter comes before the court on Defendants' motion for summary judgment [ECF No. 27]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 28]. The motion having been fully briefed [ECF Nos. 30, 31, and 32], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the record in this case, the undersigned

recommends the district judge grant Defendants' motion for summary judgment.

I.      Factual and Procedural Background

Plaintiff claims that since he has been incarcerated at ACDC, Defendants have denied him breathing treatments that he requires four times per day. [ECF Nos. 1 at 3, 1-2 at 5]. Plaintiff alleges that he has also been denied medications he was prescribed prior to his incarceration. *Id*.

Defendants submitted the affidavit of Nurse Sonya Hackett. [ECF No. 27-2]. Hackett stated that, upon Plaintiff's arrival at ACDC, he was examined and issued the following medication: Q-var (an inhaler for maintenance of a breathing condition), Theophylline (a preventive pill for breathing condition), Lisinopril (for high blood pressure), Omeprazole (for acid reflux), and albuterol (inhaler for a breathing condition). *Id*. at ¶ 5. Plaintiff insisted on having some of his own medications instead of those issued to him at ACDC. *Id*. Plaintiff was advised that his family could bring him his other medications. *Id*. When Plaintiff's family brought his medications, the reviewing physician approved the following: Spiriva (an inhaler for maintenance), Lisillopril (for high blood pressure), Singulair (a preventive pill for breathing issues), Gabapentin (also known as Neurontin, for restless leg syndrome), Omeprazole (for acid reflux), and Theophylline (a preventive pill for breathing condition). *Id*. at ¶ 6. Hackett states that Plaintiff has continued to receive these medications when his family has brought the refills. *Id*. Hackett attaches Plaintiff's medical records that indicate when Plaintiff has been issued these medications. [Entry No. 27-3 at 10–25].

Hackett stated that while Plaintiff requests nebulizer treatments four times per day, physicians have examined Plaintiff and determined his condition did not require multiple nebulizer treatments every day. Hackett Aff. at ¶ 8. The physicians have ordered such treatments for Plaintiff on an as needed basis when a clinical examination and review of his vital signs reveals such a need. *Id*. Hackett has stated that there have been only a few occasion when an examination has supported the need for such treatments. *Id*.

II.     Discussion

   A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-

3

moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

  B. Analysis

    1. Medical Indifference

Liberally construed, Plaintiff's complaint states a claim for deliberate indifference to his serious medical needs. In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments that "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted).  Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Here, Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. Although Plaintiff requested that he be provided multiple breathing treatments per day and additional medications, such treatment was found unnecessary after Plaintiff was examined. Hackett. Aff. at ¶¶ 6–8. The Constitution

requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011); *Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). While the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan. 1986). Here, Plaintiff has failed to show that the requested treatment is medically necessary.

        2.     Medical Malpractice

To the extent Plaintiff attempts to assert a state law cause of action for medical malpractice, he has failed to comply with the requirements of S.C. Code Ann. § 15-36-100 and § 15-79-125, *et seq.*, for filing medical malpractice actions. Specifically, Defendants contend that Plaintiff failed to contemporaneously file an expert witness affidavit prior to filing the complaint. [ECF No. 27-1 at 5]. Therefore, to the extent Plaintiff asserts claims of medical malpractice, such claims should be dismissed because he failed to comply with the statute's requirements for filing a medical malpractice claim.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [ECF No. 27] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 7, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).